IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID BLASIENZ | § | |
| | § | |
| vs. | § | Case No. _____ |
| | § | |
| HOSTMARK HOSPITALITY GROUP, | § | |
| INC. AND RAINTREE ENTERPRISES | § | |
| COLLEGE STATION, INC. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

*I.*

*Preliminary Statement*

1. The Plaintiff, **DAVID BLASIENZ**, brings this action complaining of Defendant **HOSTMARK HOSPITALITY GROUP, INC.,** AND **RAINTREE ENTERPRISES COLLEGE STATION, INC.,** and alleges:

*II.*

*Jurisdiction*

2. This action is brought to remedy discrimination on the basis of age and in violation of the Age Discrimination in Employment Act of 1967 (29 U.S.C. §621 et seq) the ADEA, and to remedy retaliation and harassment against an employee for activity protected under Title VII all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* as well as the ADEA.

3. Damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. § 2000e and 29 U.S.C. §621 et seq and under the laws of the State of Texas.

4. Plaintiff **DAVID BLASIENZ** ("BLASIENZ"), a resident of the State of Texas, filed a charge of discrimination against Defendant **HOSTMARK HOSPITALITY GROUP,**

**INC., AND RAINTREE ENTERPRISES COLLEGE STATION, INC.,** (collectively "**HOSTMARK**") with the Equal Employment Opportunity Commission ("EEOC") on or about October 19, 2016, complaining of the acts of discrimination based on age and for harassment and retaliation alleged herein.

5. On or about November 1, 2017, more than 180 days having elapsed since the filing of his charge, the EEOC issued Plaintiff a notice informing him of his right to sue Defendant in Federal Court. (Received by Plaintiff on November 6, 2017)

### III.

### TITLE VII

6. Plaintiff has complied fully with all prerequisites with jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under 42 U.S.C. §2000e -5(f)(3).

7. As the unlawful employment practices complained of herein occurred in Brazos County, Texas within the Southern District of Texas, venue is proper in this District pursuant to 42 U.S.C. §2000e-5(f)(3).

### IV.

### *Parties*

8. Plaintiff is an individual who resides in Brazos County, Texas and was employed by **HOSTMARK** and/or **RAINTREE**.

9. Defendant **HOSTMARK HOSPITALITY GROUP, INC.,** is a Foreign For Profit Corporation with its principal office in Schaumberg, Illinois, with an office in the City of College Station, Texas and may be served with process by service on National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

10. Defendant **RAINTREE ENTERPRISES COLLEGE STATION, INC.,** is a Foreign For Profit Corporation with its principal office in Schaumberg, Illinois, and may be served with process by service on William Gingrich, 1300 E. Woodfield Road, St. 400, Schaumburg, IL 60173.

*V.*

*Statement of Facts*

11. Plaintiff was hired as the Assistant Director of Engineering for the Hilton- College Station Convention and Conference Center on August 8, 2011. His hiring was by the predecessor management company for the Hotel. Plaintiff was promoted to Chief Engineer on or about September 6, 2013. The management company for the Hilton at the time of the discriminatory action complained of was Defendant **Hostmark Hospitality Group, Inc**. The attorney/ representative for **Hostmark** has made a representation that Raintree Enterprises College Station, Inc., was the true employer of Plaintiff. This was alleged for the first time on July 7, 2017. At all times Plaintiff believed he was employed by Hostmark (Received Paychecks from Hostmark representations by supervisors etc.).

12. Plaintiff was subjected to harassment, discrimination and retaliation by his Employer and specifically by supervisors Adam Couch and Jay Primavera (hotel manager). Plaintiff's problems began in August 2014 when he reported a safety concern involving a lost master key putting the entire hotel at risk. At the time he was fifty seven (57) years of age. The action caused negative feedback to his supervisor Mr. Couch. This led to Couch's actions of discrimination, harassment and retaliation against the Plaintiff and ultimately to the termination of his employment on July 6, 2016. He included Mr. Primavera in his actions leading to a hostile environment. Mr. Couch made comments about the Plaintiff's age both directly to the Plaintiff

and in group settings. Such comments were witnessed by numerous other employees of the hotel. The actions were deliberate and harassing. The actions created a hostile work environment.

13. The Plaintiff had been a model employee with excellent work reviews up to August 2014. Following the incident with Mr. Couch, the reviews took a dramatic downturn. Mr. Couch was Plaintiff's supervisor and largely responsible for such reviews along with Hotel Manager Jay Primavera. Beginning in the spring of 2015 and continuing to the date of termination, Mr. Couch and Mr. Primavera took steps designed to create an alleged "bad employment record" for Plaintiff. Numerous "Notice of Corrective Actions" were issued by Couch and Primavera. These always followed on the heels of reporting by Plaintiff of problems in the hotel or his concern about hostility from management. The Plaintiff was diligent in reporting problems in the hotel and regarding his treatment at the hands of management.

14. The hostility directed toward the Plaintiff was apparent to others in the office and hotel. In an email from Melanie Ramirez (Hostmark Human Resources Coordinator) to Rahim Saafir (former employee) dated May 13, 2016. She stated "It's been the same here, a little drama here and there (especially with David. Adam and Jay both want to get rid of him)". The same was also witnessed by numerous other employees including but not limited to Rahim Saafir, Keith Rector and Fernando Hinojosa. All witnessed the harassment and retaliation directed at Plaintiff. All witnessed the ill feelings directed by Couch and Primavera toward the Plaintiff.

15. The actions of Defendants and their employees Couch and Primavera was harassing and hostile. The actions were severe and pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, abusive and offensive. The Plaintiff was subjected to intimidation, ridicule and mockery to the point of interference with work performance.

16. The Defendant was terminated from his employment on July 6, 2016. He was simply told: "We are going in another direction".

## FIRST CAUSE OF ACTION

17. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 of this Complaint with the same force and effect as if set forth herein.

18. Defendant has discriminated against Plaintiff in the terms and conditions of his employment on the basis of his age in violation of Title VII and 29 U.S.C. § 621 et seq the Age Discrimination in Employment Act.

19. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices. The Plaintiff has suffered a loss of income, including salary and benefits as well as physical and emotional pain and suffering.

## SECOND CAUSE OF ACTION

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 of this Complaint with the same force and effect as if set forth herein.

21. Defendant retaliated against Plaintiff and terminated his employment on the basis of him having complained of discrimination, the same constituting retaliation in violation of Title VII and 29 U.S.C. § 621 et seq the Age Discrimination in Employment Act.

22. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief. The Plaintiff has suffered a loss of income, including salary and benefits as well as physical and emotional pain and suffering.

### THIRD CAUSE OF ACTION

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 of this Complaint with the same force and effect as if set forth herein.

24. The above acts and practices of the Defendant constitute unlawful discrimination in that the same constitutes harassment in violation of Title VII and 29 U.S.C. § 621 et seq the Age Discrimination in Employment Act. The actions of Defendant were severe and pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, abusive and offensive.

25. As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief. The Plaintiff has suffered a loss of income, including salary and benefits as well as physical and emotional pain and suffering.

### FOURTH CAUSE OF ACTION

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 of this Complaint with the same force and effect as if set forth herein.

27. The above acts of Defendant constitutes an intentional infliction of emotional distress upon Plaintiff as well as retaliation and harassment under the laws of the State of Texas.

28. Furthermore such actions give rise to a cause of action for violation of the Texas Labor Code (Chapter 21) and Plaintiff seeks damages as authorized therein. As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief. The Plaintiff has suffered a loss of income, including salary and benefits as well as physical and emotional pain and suffering.

## VI.

### *Attorneys' Fees*

29. The Plaintiff is entitled to recover attorneys' fees as allowed by law.

## VII.

### *Prayer for Relief*

WHEREFORE, Plaintiff respectfully requests this Court to

(a) Declaring that the acts and practices complained of herein are in violation of Title VII and the ADEA;

(b) Awarding to Plaintiff compensatory damages and damages for his mental anguish and humiliation;

(c) Awarding Plaintiff the costs of this action together with reasonable attorneys' fees;

(d) Declaring that the acts and practices complained of herein are in violation of the laws of the State of Texas;

(e) Awarding to Plaintiff punitive damages as allowed by law; and

(f) Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

**THE DILLARD LAW FIRM**

*/s/: Jack W. Dillard*
Jack W. Dillard, Fed. Id. No. 2630
P. O. Box 5450
Bryan, Texas   77805
Telephone: 979-775-3910
Facsimile:  979-485-9809
jwdlaw@aol.com
ATTORNEY FOR PLAINTIFF,
DAVID BLASIENZ